**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JANET L. PAGE,**

      **Plaintiff,**

**v.**                                              **Case No. 8:07-cv-1080-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

      **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was 61 years of age at the time of her administrative hearing in May 2006. Plaintiff has a B.A. degree in English. Her past relevant work was in clerical and secretarial jobs, sales, and telemarketing. Plaintiff applied for disability benefits in November 2003, alleging disability as of March 15, 2002, by reason of her bipolar and anxiety disorders. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ.

In essence, Plaintiff claims she is unable to work because of her mental state, poor concentration, and memory difficulties. By her account, she last worked for GE Financial acting as a dispatcher for its auto club service. She had to quit the job because of stress, which caused headaches and nausea. She has tried sales without much success. She indicated she is unable to concentrate, follow instructions, and has difficulty with her memory. To assist with memory, she writes things down but she testified that she is very disorganized and that does not help. Regarding the stress at work, Plaintiff stated it would get so bad that her stomach would knot-up. She has experienced stomach problems since she was nineteen years old. The stress also caused difficulty at home where she would lash out against her husband and son. She testified that she first saw a psychiatrist or other mental health provider in 1980 and she was seeing a psychiatrist at the time of the hearing. Her current treatment consisted of meeting with a nurse practitioner and the prescription of psychotropic medications to help with her anxiety and flair-ups in her temper. In the past she has taken Librium, Effexor, and Lacidril. By her account, the medications helped a little bit. Because of her anxiety, she is unable to sleep during the night for more than a couple of hours and this makes it hard for her to function the following day. Plaintiff testified that she would be unable to return to even clerical work because of difficulty with memory, following instructions, using computers, and stress.

Plaintiff claimed it took twenty years for her to obtain her English degree and in the end her husband had to help her write papers. She has desired to write and has attempted to write children's stories. She meets with a writing club on a bi-weekly basis, but has been unable to get any of her work published and has difficulty with writing these books. Plaintiff

indicated she does no cleaning around the house and often sleeps during the day. She does cook meals, wash dishes, and water flowers in her garden. She loves to read, particularly fantasy type stories. She occasionally gets together with friends and goes to a "Red Hat Society" event. (R. 338-65).

The ALJ also took testimony from Dr. Steven Simon, a vocational expert ("VE"). The witness testified on an assumption of an individual of Plaintiff's age, with a college education, and the ability to perform medium exertional work but no climbing of ladders, scaffolds, ropes, or open heights. On this hypothetical, the VE opined that Plaintiff could perform all of her past relevant work. If the exertional capacity was reduced to light exertional work with the same restrictions, the VE opined such individual could also perform all of Plaintiff's past relevant work. On the additional assumption that such person could not complete even the most simple task assigned on a timely basis, the VE opined that the individual could not perform Plaintiff's past relevant work or any other work available in the national economy. When asked by Plaintiff's counsel to add a further limitation for frequent deficiencies in concentration, the VE opined that neither Plaintiff's past work nor other work was available. (R. 361-67).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of July 16, 2007, the ALJ determined that while Plaintiff has severe impairments related to GERD with esophageal erosion and suspected irritable bowel syndrome, hypothyroidism, and history of hyperlipidemia, she nonetheless had the residual

functional capacity to perform medium exertional work with no climbing of ladders, scaffolds, ropes, or being around open heights. Upon this finding and VE testimony, the ALJ concluded that Plaintiff could perform her past work as a telemarketer, receiver dispatcher, salesperson, secretary, credit clerk, and administrative clerk. Upon this conclusion, the Plaintiff was determined to be not disabled. (R.13-20). The Appeals Council considered additional evidence and then denied Plaintiff's request for review.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to

the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises four claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) This case should be remanded pursuant to 42 U.S.C. § 405(g) because of additional medical records of Dr. Corzo that was (sic) submitted to the Appeals Council;

(2) The ALJ failed to give adequate weight to the opinion of the treating psychiatrist, Dr. Corzo. His opinion should have been controlling weight;

(3) The ALJ should have determined that the claimant had the severe impairment[s] of depression and anxiety; and

(4) The ALJ did not adequately determine the credibility of the claimant in her testimony.

Plaintiff blends the argument on her first two claims. First, she maintains that evidence obtained subsequent to the administrative hearing but submitted to the Appeals Council, which consists of a February 16, 2007, letter and office notes from Dr. Hector Corzo, M.D., for the period of October 6, 2005, through July 6, 2006, was new and material evidence such that a remand for further consideration is warranted.[1] Second, she urges that the ALJ failed to give controlling weight to the opinion of Dr. Corzo. Citing an opinion by this doctor which she says is dated either June 24, 2004, or perhaps June 24, 2006, that Plaintiff would suffer marked difficulties in maintaining social function, frequent deficiencies in concentration and repeated episodes of deterioration, Plaintiff urges that she would be prevented from performing even simple, repetitive tasks and limited in other ways as would

---

[1]Plaintiff submits that records were originally requested from Dr. Corzo on September 22, 2004. *See* Exh. 6F. Updated records were requested in April 2006. The records were submitted April 24, 2006, and became Exh. 9F. Plaintiff maintains that it did not became apparent that Dr. Corzo's records were incomplete until after the hearing. Updated records were requested on July 20, 2006. The response to this request was forwarded to the Appeals Council shortly after the ALJ's decision. *See* (R. 301-35).

preclude her from performing competitive employment. Further, Plaintiff maintains that the ALJ failed to state adequate cause for discounting Dr. Corzo's opinion. By this argument, the ALJ's conclusions that Dr. Corzo had seen Plaintiff on one occasion only, that his notes were inconsistent with those of his nurse practitioner, and that Plaintiff's college attendance, degree, and participation in social and religious groups were inconsistent with the doctor's conclusion on Plaintiff's ability to hold down jobs were unsupported by substantial evidence. Plaintiff urges that a remand is necessary for the ALJ to consider the newly submitted evidence and opinions of this doctor. (Doc. 13 at 11-16).

In response, the Commissioner argues that the opinion of Dr. Corzo was not supported by the clinical and objective record and was inconsistent with other evidence of record, including that of his nurse. As for the new evidence claim, the Commissioner argues that while the evidence was new and non-cumulative, there is no reasonable possibility that it would change the administrative result. Thus, the new evidence is essentially the same as the earlier evidence with the only difference being references to a diagnosis of bipolar disorder. The Commissioner urges that mere diagnosis is not enough to alter the result where the clinical notations are the same. In sum, the Commissioner argues that the Appeals Council fairly weighed the evidence and determined from the evidence as a whole that Plaintiff is not disabled. (Doc. 15 at 5-8, 13-15).

Section 405(g) of Title 42 authorizes a district court to remand an application for benefits to the Commissioner by two methods, commonly denominated as "sentence four remands" and "sentence six remands." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Each sentence remedies a separate problem. *Id.* Pertinent to

this claim, the Eleventh Circuit in *Ingram* held that when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous under sentence four. *Id.* at 1262. In essence, the Appeals Council's denial of a request for review is part of the "final decision" of the Commissioner and is subject to judicial review. *Id.* at 1264. On the other hand, "[s]entence six of 42 U.S.C. section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time to the district court." *Ingram ,* 496 F.3d at 1267. Thus, under sentence six of 42 U.S.C. § 405(g), a court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). By this standard, to demonstrate that a remand for consideration of new evidence is appropriate, the Plaintiff must demonstrate that: (1) there is new, non-cumulative evidence; (2) the evidence is material, i.e., relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Here, to the extent that Plaintiff makes a sentence six argument for remand, the argument is neither well advised nor well taken.

The Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case if the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F3d. at 1261. When the Appeals Council refuses to consider new evidence submitted to it and denies review, that

decision is subject to judicial review because it amounts to an error of law. *Barclay v. Comm'r of Soc. Sec. Admin.*, No. 07-12960, 2008 WL 649184 (11th Cir. 2008) (unpublished) (citing *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).[2] Otherwise, when reviewing the Appeals Council's denial of review, the court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the Appeals Council must consider in making its decision whether to review an ALJ's decision*." Id.* at *4 (citing *Falge*, 150 F.3d at 1324). Thus, the court looks to the whole of the record in deciding whether the decision of the Appeals Council is supported by substantial evidence.

In denying Plaintiff's request for review, the Appeals Council noted expressly that it had considered the additional evidence and found that it did not provide a basis for changing the ALJ's decision. (R. 3-4). Upon my independent review of the same evidence, I am constrained to find that the conclusion is supported by substantial evidence. Apart from the letter from Dr. Corzo, the new office notes are cumulative and simply do not dictate a conclusion different from that reached by the ALJ. As for Dr. Corzo's letter of February 16,

---

[2]Unpublished opinions are not considered binding; however, they may be cited as persuasive authority. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n. 4 (11th Cir. 2004); 11th Cir. R. 36-2.

2007,[3] the same result is dictated in light of the finding below with respect to the ALJ's rejection of Dr. Corzo's opinion.

As indicated above, Plaintiff faults the ALJ's rejection of Dr. Corzo's opinion as set forth in a questionnaire completed on June 24, 2004.[4] There, the doctor opined that Plaintiff's bipolar disorder and generalized anxiety disorder, evidenced by a number of symptoms, would cause marked functional limitations in maintaining social functioning[5] and frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner. The doctor also noted three or more episodes of deterioration or decompensation in work or work-like settings. He then concluded that Plaintiff's prognosis was fair if she maintained a consistent treatment plan. (R. 241-43). According to Plaintiff, these findings were entitled to substantial weight and dictated a conclusion of disability. However, as reflected in the decision, the ALJ found that Plaintiff's mental condition was

---

[3]Here, Dr. Corzo reported that Plaintiff was seen by his nurse practitioner (and "intermittently" by himself) on a monthly basis for medication management of bipolar disorder, mixed type. He summarized Plaintiff's reported symptoms and discussed Plaintiff's treatment plan in brief. (R. 305-06). The doctor then opined that Plaintiff was "not a candidate for full-time sustained employment" as "[t]he demands of such worsen her illness and are an unrealistic demand that she cannot meet." (R. 306).

[4]Plaintiff is correct that it is difficult to discern whether the form is dated June 24, 2004, or 2006. *See* (R. 243). It appears to be 2004, however, the date arguably does not make a difference under the circumstances.

[5]The form defined "marked" as "more than moderate, but less than extreme. A marked limitation may arise when several activities or functions are impaired or even when only one is impaired, so long as the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately and effectively." (R. 243). The word frequent is not defined.

non-severe and imposed only intermittent mild to moderate limitations to her ability to work. (R. 19)

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. § 404.1527(d)(2). Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments. *Lewis*, 125 F.3d at 1440. Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. *MacGregor*, 786 F.2d at 1053. Good cause for rejecting a treating source's opinion may be found where the treating sources's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. *MacGregor*, at 1053.

Resolution of this issue depends on whether the ALJ has stated adequate reasons for discounting Dr. Corzo's opinion. Upon my consideration, the stated reasons have to be considered in relation to the entirety of the ALJ's findings. When so considered, the findings are adequate and sufficient to support the conclusion that the doctor's opinion was not due

11

controlling weight. Here, the ALJ first noted that Plaintiff was generally seen by a nurse practitioner in Dr. Corzo's office rather than the doctor.[6] This finding is clearly supported by the records and Plaintiff's testimony. On questioning at the administrative hearing, Plaintiff indicated that she had seen the doctor only once. (R. 346). While this is no reason alone to discount the doctor's assessment, it is a factor worthy of consideration. Next, the ALJ found that Dr. Corzo's office treatment notes (by the nurse practitioner) did not substantiate his assessment as such did not show "significant mental disorder manifestations . . ." Review of the nurse practitioner's progress notes generally support the ALJ's finding.[7] Notably, these records primarily document Plaintiff's somewhat mild complaints in one or two brief sentences and list Plaintiff's current medication regime. *See, e.g.*, (R. 204-17, 245-50, 314-26). They also fail to document any significant concerns relating to Plaintiff's social functioning or ability to concentrate. Additionally, review of other mental health records of evidence, including those of a treating physician, Dr. Michael Eastridge, and an examining psychologist, Dr. Steven O'Neal, fail to substantiate that Plaintiff experienced marked deficits in social functioning and frequent deficits in concentration, persistence and pace. *See, e.g.,* (R. 146-61, 179-81). Additionally, as recognized by the ALJ, no treating or examining source aside from Dr. Corzo identified or recommended mental health-related limitations despite

---

[6]Under the regulations, nurse practitioners are not considered "acceptable medical sources." *See* 20 C.F.R. § 404.1513(d); SSR 06-03p, 2006 WL 2329939, *2 (S.S.A.). Only "acceptable medical sources" may be considered treating sources whose medical opinions may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d); SSR 06-03p, *2.

[7]While Plaintiff is correct that these records are somewhat difficult to decipher, they are not altogether illegible.

Plaintiff's complaints of stress and/or anxiety. The ALJ also found that the doctor's conclusions about Plaintiff's social functioning were inconsistent with her college attendance, making good grades, achieving a bachelor's degree in English, writing children's books, caring for a family and performing household chores, shopping, and participating in regularly scheduled social and religious groups. (R. 19). These conclusions, which are borne out by the record, do tend to contradict social and concentration difficulties. Furthermore, it is worth pointing out that Dr. Corzo's assessment is internally inconsistent in part because, despite the identification of marked and frequent limitations, he also opined that Plaintiff's prognosis was fair assuming that she maintained treatment. Likewise, the written testimony of Plaintiff's husband contradicts the limitations identified by Dr. Corzo. *See, e.g.*, (R. 130-37). Lastly, contrary to Plaintiff's assertion (R. 15 at 15), I find that the record provides little, if any, credible support for the finding that Plaintiff has experienced repeated episodes of deterioration at work during the relevant period. While Plaintiff refutes certain of these reasons for discounting the doctor's opinion and claims that they are not clearly articulated, there is record support for them such that the ALJ stated adequate cause to reject Dr. Corzo's assessment.[8]

By her third claim, Plaintiff argues that the ALJ erred in concluding that her depression was not a severe impairment. According to Plaintiff, the record demonstrates that she suffers psychological problems and has been treated for such for years, and the ALJ's

---

[8]To this end, even if the court finds that the evidence preponderates against the ALJ's decision, it may not reweigh the evidence or substitute its own judgment for that of the ALJ. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Bloodsworth*, 703 F.2d at 1239.

conclusion to the contrary flies in the face of such evidence. Plaintiff also suggests that the ALJ should not have relied on the psychiatric review technique forms completed by nonexamining doctors because it does not appear that those doctors considered the treatment notes from Dr. Corzo and his nurse practitioner. In sum, Plaintiff urges that the ALJ should have concluded that her depression and anxiety were severe. (Doc. 13 at 17-18). The Commissioner counters that the evidence of record fail to demonstrate that Plaintiff suffered from a severe mental impairment as defined under the Act. (Doc. 15 at 8-9).

At step two of the five-step evaluation process prescribed by the regulations, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(c). Under this regulation, if the claimant does not have an impairment or combination of impairments which significantly limits her ability to do basic work activities,[9] then she is not disabled. In application, this inquiry is a "threshold" inquiry. It allows only claims based on the slightest abnormality to be rejected. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Id.* A "[c]laimant need

---

[9]The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Id.*

show only that her impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Upon consideration, the court is constrained to conclude that the ALJ's step two determination that "[t]he claimant has the following severe impairments: history of gastro-esophageal reflux disease with esophageal or suspected irritable bowel syndrome, hypothyroidism, and history of hyperlipidemia" was in accordance with controlling authority and does not require remand. *See, e.g., Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (noting that, ". . . the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two."). Although I may disagree with the ALJ's finding at this step of the evaluation, the ALJ's failure to find a severe mental impairment at step two does not constitute error.

By her last claim, Plaintiff argues that the ALJ erred in concluding that her testimony was not fully credible. By this argument, the ALJ failed to explicitly discredit such testimony and his reasons for doing so are not clearly implied in the decision. As such, Plaintiff urges that the case be remanded for further explanation on her credibility. (Doc. 13 at 18-19). The Commissioner counters that the ALJ considered Plaintiff's subjective testimony under the applicable standard and provided adequate reasons explaining why it was not credible to the extent alleged. (Doc. 15 at 9-12).

Where an ALJ decides not to credit a claimant's testimony about pain [or other symptom(s)], the ALJ must articulate specific and adequate reasons for doing so or the record must be obvious as to the credibility finding. *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir.

1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding. *Foote*, 67 F.3d at 1562. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Here, a fair reading of the decision reflects that the ALJ fairly considered the Plaintiff's subjective complaints and applied the applicable regulatory standard,[10] and credited the Plaintiff's subjective testimony in part. However, the ALJ rejected the testimony that the Plaintiff's conditions left her disabled from all employment primarily on the basis of the medical record and Plaintiff's active lifestyle.[11] This finding must be read in the context of the ALJ's review of such record in its entirety. (R. 16-19). While I do not disagree outright with Plaintiff's assertion that the ALJ's credibility determination could have been expressed more artfully, Plaintiff ignores that her subjective testimony did not present the ALJ with

---

[10] The ALJ cites to the regulatory provisions at 20 C.F.R. § 404.1529, as well as Social Security Rulings 96-7p and 96-4p. By my reading of the decision, the ALJ complied with the standard. (R. 16-19). Proper application of the regulatory standard will satisfy this circuit's pain standard. *See Wilson v. Barnhart,* 284 F.3d 1219, 1226 (11th Cir. 2002).

[11] The ALJ also noted Plaintiff's alertness, responsiveness and understanding exhibited at the hearing in concluding that she exaggerated her symptoms and restrictions. *Id.* The consideration of these factors is generally permissible. *See Norris v. Heckler,* 760 F.2d 1154, 1158-59 (11th Cir. 1985).

measurable restrictions regarding her claimed impairments and her counsel did little to further develop this area. Furthermore, on this appeal Plaintiff fails to identify what specific limitations the ALJ should have addressed but did not.[12] As such, I must conclude that the ALJ did not err by failing to provide explicit and adequate reasons for discounting Plaintiff's rather vague allegations of limitations related to concentration difficulties and stress.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 2nd day of September 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[12] Counsel on the instant appeal also represented Plaintiff at the administrative hearing.